■ SUSAN SZANTO
11 Shore Pine
Newport Beach CA 92657
949-887-2369

# United States District Court

in and for the District of Oregon
*1000 SW Third Ave, Portland ORE 97204*

| | |
|---|---|
| In Re<br><br>INVOLUNTARY BANKRUPTCY<br><br>of Peter SZANTO<br>- - - - - - - - - -<br><br>**Susan Szanto, Appellant**<br><br>v.<br><br>**Chapter 7 Trustee, Mr. Arnot,**<br><br>**Mr. Blackledge, Appellees** | # 3:19-cv-213 SI<br><br>**Appellant's Notice of Motion**<br><br>**and 1st Motion to Extend Time**<br><br>**to File Renewed Motion to**<br><br>**Substitute Peter Szanto**<br><br>**as True Party in Interest for**<br><br>**Estate Property of Susan Szanto**<br><br>**in Possession and Under**<br><br>**Dominion of Appellees**<br><br>**Hon. Judge Simon** |

## 1. Preliminary Note

As previously explained, Peter Szanto continues in his capacity as Susan Szanto's assistant, pending the legal proceedings described below. Based on Susan Szanto's deathbed statements as hearsay exceptions, Peter Szanto testifies that Susan Szanto's words in the final hours of her life were that the recovery of her separate property, non-Bankruptcy estate property, non-community separate personal property from the Trustees and their counsels should continue.

## 2. Certification in Compliance with Local Rule 7-1(a)

This Court's Motion Practice rule requires pre-motion party conferral. On June 2, 2021, Peter Szanto (acting in the capacity of secretary / office assistant for Susan Szanto – and based on her explicit requests and instructions -- telephoned all contra parties, seeking discussion regarding matters elaborated below.

Those calls went to voice mail. Appellant's secretary left appellees messages asking for a return call so that the possibility of stipulation to an extension could be discussed.

As of close of day on June 2, 2021, no calls from any counsel have been received as to the instant matter. Therefore, pursuant to LR 7-1(a)(1)(B), opposing counsel did not confer with Appellant / Appellant's secretary-assistant.

## 3. NOTICE

To the respondents and the Court, please take notice, pursuant to FRCP 6, Appellant herein does notice, gives notice and serves notice that she is seeking an extension of time for filing of a renewed motion for substitution of Peter Szanto in the instant proceeding.

**This is Appellant's 1st request for an extension regarding Peter Szanto seeking to be appointed substitute proper party in interest for Susan Szanto by the Probate court and this Court for purposes of the Appeal herein.**

## 4. FACTS

Since reading this Court's analysis of the substitution issue relating to Susan Szanto's instant Appeal, Peter Szanto has talked with several California Probate specialists.

Szanto reports now relating to those conversations and the legal procedure he has been advised is proper in the present circumstances.

Szanto, with assistance of Probate counsel, will petition the California Probate court for: A) Letters Testamentary and B) Letters of Administration for the Estate of Susan Szanto.

Szanto has been advised that through two avenues of Probate procedure he can **personally substitute** as real party in interest so as to continue the Appeal in this Court.

First, by Letters Testamentary the money and property belonging to Susan Szanto encompassed by the Appeal herein can be assigned and transferred to Peter Szanto. Thereafter, the Appeal will relate to money and property which belongs to Peter Szanto.

Second, by Letters of Administration, Peter Szanto would be granted all right and power as administrator of Susan Szanto's estate to act on her behalf for money and property of which recovery is sought for the benefit of Susan's estate. Because Peter Szanto will have been recognized as sole heir to Susan Szanto's money and property, he will be acting on his own behalf.

Szanto has been advised, and so represents, that in both procedures he is able to proceed *pro se*, because in both scenarios he will be representing himself, solely for his own interests.

### a. *Delay in Procedure*

Numerous reasons for delay as to completion of the above Probate process exist.

1st, the Orange County, California Coroner is many months behind in the issuance of final death certificates, because of a multitude of Covid Deaths. Susan Szanto's death certificate is not yet complete. A final death certificate is necessary for filing of a Probate case.

2nd, the Orange County Probate court is operating without actual, in-person, courthouse hearings. And, because of Covid, is several months behind in processing Probate applications.

3rd, the attorney discussions related above were paid for on an hourly basis, and did not involve any attorney's commitment for completion. Szanto is still in the process of finding Probate counsel for a fee that he can afford.

Szanto has diligently pursed resolution of the substitution issue as described herein. However, exigent circumstances, most extremely the Covid crisis have caused a delay in completion.

## 5. MEMORANDUM

FRCP 6(b) addresses extensions of time:

> "(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>   (A)  with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"

Appellant has found no local rule which alters FRCP 6.

The current due date of the continued Substitution issue is June 4, 2021. The within application is being filed on June 2, 2021.

Thus, since the motion is made prior to the due date of the Reply Brief, the only requirement for extension is good cause.

Here, Appellant's extension request seeks until **September 15, 2021** to obtain Letters Testamentary and Letters of Administration from the Probate court.

### a.  Good Cause  –  Inability to Appear in Probate Court

The matters of delay detailed in this application can be summed-up as generally relating to the Covid crisis.

The higher than usual number of deaths caused by Covid have strained the resources of the Coroner's office and the Probate court. These two public resources are essential to the opening and proceeding to completion of any testamentary application.

Therefore, through no fault of Peter Szanto, he has been delayed in the Probate process which is condition precedent for a renewed Motion for substitution.

To any extent to which Szanto might be accused of being less than diligent or even negligent, it is excusable, because the Covid crisis and its ramifications of societal delay are not within Szanto's control to any extent.

### 6. VERIFICATION and DECLARATION

I, Peter Szanto declare under penalty of perjury under the laws of the United States that all of the statements made in this application are true of my own personal knowledge and belief OR are based on information

and belief of facts I reasonably believe to be true. Signed at Los Angeles CA

Dated 2 June - 2021   /s/ *signed electronically* Peter Szanto

## 7. Conclusion

An extension is prayed through **September 15, 2021**.

  Most Respectfully,

Dated 2 June - 2021   /s/ *signed electronically* Susan Szanto (by Peter Szanto)

## Proof of Service

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within: **Motion** by 1st Class Mail, in sealed envelopes with postage prepaid addressed to:

1) United States Trustee  Arnot
   620 SW Main St   #213
   Portland, OR 97205

2) United States Bankruptcy Court
   1050 SW Sixth Avenue # 700
   Portland, OR 97204

3) Gary L. Blackledge
   Jordan Ramis PC
   2 Centerpointe Drive, 6th Floor
   Lake Oswego, OR 97035

and depositing those envelopes into the United States mail for 1st class delivery.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.

Dated   2 June - 2021  /s/ signed electronically