**Gary L. Blacklidge**, OSB #902089
gary.blacklidge@jordanramis.com
**Russell D. Garrett**, OSB #882111
russell.garrett@jordanramis.com
**Robyn L. Stein**, OSB #993682
robyn.stein@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Candace Amborn, Chapter 7
Trustee

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE: PETER SZANTO,<br><br>    Debtor.<br>────────────────────<br><br>SUSAN SZANTO,<br><br>    Appellant,<br><br>  v.<br><br>STEPHEN P. ARNOT,<br><br>    Appellee. | Case No. 3:19-cv-00213-SI<br><br>Bankr. Case No. 3:16-bk-33185-pcm7<br><br>CHAPTER 7 TRUSTEE CANDACE AMBORN'S RESPONSE TO PETER SZANTO'S MOTION FOR REHEARING |

   In response to this Court's March 9, 2022 Scheduling Order (Doc. 58), Appellee Candace

Amborn, successor Chapter 7 Trustee (the "Trustee"), hereby submits her response to Peter

Szanto's February 22, 2022 motion (Doc. 57). This response is supported by the Declaration of

Robyn L. Stein ("Stein Decl."), filed concurrently herewith, as well as the points and authorities below.

### A. Relevant Background

Mr. Szanto filed a Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Oregon on August 16, 2016.[1] The case was converted over Mr. Szanto's objection to a case under Chapter 7 on December 5, 2017.[2] On February 26, 2018, Mr. Szanto filed a proof of claim on behalf of his spouse, Susan Szanto ("Claim 14").[3] The Chapter 7 Trustee objected to Claim 14 on March 21, 2018.[4] On April 19, 2018, Mrs. Szanto filed an opposition to the objection,[5] and on October 24, 2018, the Court held an evidentiary hearing.[6] The Trustee appeared at the hearing and presented testimony and evidence to the Court.[7] Mrs. Szanto did not appear and as a result, could not be questioned about her claim.[8] The Bankruptcy Court entered an order disallowing Claim 14 in full on January 7, 2019.[9]

---

[1] *In re Peter Szanto*, 3:16-bk-33185 (Bankr. D. Or.).

[2] *Id.*, Doc. #278. This Court may take judicial notice of documents filed in related proceedings before the Bankruptcy Court, this Court, Circuit Courts of Appeals, and the California Superior Court. Fed. R. Evid. 201; and *In re Linton*, 631 B.R. 882, n. 3 (B.A.P. 9th Cir. 2021), *citing Estate of Blue v. Cnty. of L.A.*, 120 F.3d 982, 984 (9th Cir. 1997) and *Mullis v. U.S. Bankr. Ct. for Dist. Of Nevada*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

[3] *See*, Doc. 26-1, Appellee's Appendix ("APP"), p. 156-162.

[4] *Id.*, p. 163-167. The objecting Trustee was Stephen P. Arnot. Appellee Candace Amborn is the successor Chapter 7 Trustee appointed in 2019. *See, In re Peter Szanto*, 3:16-bk-33185, Doc. 702.

[5] APP, p. 170-175.

[6] *Id.*, p. 271.

[7] *Id.*, p. 271; 207-261.

[8] *Id.*, p. 271.

[9] *Id.*, p. 272-80.

54568-78049 4895-3594-0118.1

Mrs. Szanto appealed the order, and following the Trustee's election, the appeal was transferred from the Bankruptcy Appellate Panel ("BAP") to this Court on February 11, 2019.[10] She filed her brief on September 10, 2020[11] and the Trustee filed her response brief on October 1, 2020.[12] Unfortunately, Mrs. Szanto passed away in December of 2020.

Following his wife's death, Mr. Szanto filed a motion to substitute himself as a party to the appeal, which this Court denied without prejudice and with leave to re-file.[13] This Court stayed the case on March 5, 2021 in order to allow time for a renewed motion to be filed by a duly appointed representative of the estate.[14]

Mr. Szanto filed a second motion to substitute on January 4, 2022, which the Trustee opposed.[15] This Court denied the motion and dismissed the appeal on January 24, 2022.[16] Even though Mr. Szanto had shown he had been appointed administrator of the estate, this was insufficient for him to proceed pro se in this appeal on the estate's behalf:

> Szanto has not provided any evidence that he is the sole heir of Ms. Szanto's estate. The Court declines to accept Mr. Szanto's unsubstantiated statement to that effect. Mr. Szanto has also not provided any evidence that there are no creditors of Ms. Szanto's estate. Further, the fact that Mr. Szanto was allowed only limited authority by the California probate court and has not been given authority to take possession of any money, property, or other assets, supports that there are (or may be) creditors (or other heirs) that the California probate court intended to protect by preventing Mr. Szanto from disbursing assets to himself absent court order.[17]

---

[10] *Id.*, p. 281-86; 297.

[11] Doc. 25.

[12] Doc. 26.

[13] Doc. 32, 44.

[14] Doc. 44.

[15] Doc. 51, 52.

[16] Doc. 55, 56.

[17] Doc. 55, p. 3.

54568-78049 4895-3594-0118.1

On February 22, 2022, Mr. Szanto filed a "motion for relief from dismissal," which this Court deemed and accepted as a late motion for rehearing under Fed. R. Bankr. P. 8022.[18] The only evidence Mr. Szanto has offered in support of rehearing is a California (Orange County) Superior Court minute order, which indicates that Mr. Szanto testified under oath in Mrs. Szanto's probate proceeding that he is the sole heir to the estate.[19] Pursuant to this Court's order, the Trustee now responds to the motion for rehearing.

### B. Points and Authorities

As this Court previously pointed out to Mr. Szanto, in order to proceed pro se in this appeal on behalf of the estate, Szanto must at least demonstrate that he is the sole heir of Mrs. Szanto's estate and that the estate has no creditors.[20] He has not done so.

The Trustee recently discovered that Mr. Szanto has taken the position in the probate proceeding that the estate in fact does have at least one creditor. On January 31, 2022, Mr. Szanto filed an *ex parte* motion, seeking (and receiving) a temporary restraining order ("TRO") to enjoin the foreclosure sale of his residence, by claiming to the probate court that the property is an asset of the estate.[21] That motion was submitted under penalty of perjury.[22] In response,

---

[18] Doc. 57, 58.

[19] Doc 57-1.

[20] Doc. 55, citing *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205 (5th Cir. 2016); *Ortega v. San Diego Police Dept*, 765 F. App'x 276 (9th Cir. 2019); *Johns v. Cnty. of San Diego*, 114 F.3d 874 (9th Cir. 1997); *Pridgen v. Andresen*, 113 F.3d 391 (2d Cir. 1997); *Pappas v. Philip Morris, Inc.*, 915 F.3d 889 (2d Cir. 2019); and *Bass v. Leatherwood*, 788 F.3d 228 (6th Cir. 2015).

[21] Stein Decl, Ex. 1, p. 3 and Ex. 2. Specifically, *see, e.g.,* Ex. 2, p. 15 ("Decedent Susan Szanto and Administrator herein own 11 Shore Pine, Newport Coast CA as joint tenants.").

[22] *Id.*, Ex. 2, p. 18.

JPMorgan Chase Bank, N.A. ("Chase") filed a motion to intervene in the probate proceeding.[23] In its motion, Chase asserts that per the Deed of Trust, the property is Mr. Szanto's "sole and separate property" and that Mr. Szanto misrepresented this fact to the probate court in order to improperly obtain the TRO to halt the foreclosure sale.[24] Mr. Szanto implies in his motion for rehearing to this Court that as of the date of filing his motion he was not aware of any creditors.[25] The motion for rehearing is also "verified" under penalty of perjury.[26] It was filed on February 22nd, approximately three weeks after Mr. Szanto filed his motion for the TRO in California.

In other words, either Mrs. Szanto's estate has a creditor and Mr. Szanto lied by omission to this Court in his motion for rehearing, or Mr. Szanto misrepresented the ownership of the home to the probate court. Either way his motion for rehearing in this Court should be denied. If Mrs. Szanto's estate has a creditor, Mr. Szanto cannot proceed pro se in this appeal on the estate's behalf. If he misrepresented facts to either the probate court or this Court, his earlier sworn testimony before the probate court that he is the estate's sole heir should be given no credibility.

In addition, although Mr. Szanto gave sworn testimony in the probate proceeding regarding the lack of heirs, that still contradicts sworn testimony before the Bankruptcy Court and this Court.

---

[23] Stein Decl., Ex. 3.

[24] *Id*. Ex. 3 and Ex. 4, ¶1 and Ex. A.

[25] Doc. 57, p. 6 ("Whether creditors will come forward sometime in the future, whether those claims will be accepted as timely…are matters which can not now (or perhaps ever) be addressed…Short of driving around Orange County with a bullhorn speaker tied on his car soliciting creditors, Peter Szanto has done all he can to elicit creditors to come forward. Therefore, by Peter Szanto's actions all fair and reasonable efforts to solicit creditors *if any such creditors there are* have been made.") (emphasis added).

[26] *Id*.

54568-78049 4895-3594-0118.1

Mr. Szanto's sworn schedules before the Bankruptcy Court identify a son, Jakkob Szanto, who was 21 years old in 2018.[27]  Mr. and Mrs. Szanto's recorded and notarized "Ante-Nuptial Marriage Settlement and Pre-Marital Agreement," which is part of the record of this appeal, also identifies Jakkob Szanto as the parties' child and states that Mr. and Mrs. Szanto would not accumulate any community property during their marriage.[28] And in both this appeal and the Yankee Trust default appeal, Mr. and Mrs. Szanto reference their "children" in briefs filed with the Court, in which they verified under penalty of perjury that all statements contained in the briefs were true.[29]  Mr. Santo has also indicated in at least one filing to a district Court that Mrs. Szanto had a brother.[30] Mr. Szanto has not provided any explanation for the contradiction. Finally, although Mr. Szanto argues in his motion for rehearing that some form of notice was provided by publication in the Newport Beach News, it is unclear what that notice specifically addressed, because he did not include a copy of the notice with his motion. Based on the information currently before the Court, Mr. Szanto has not shown he is entitled to any relief. His motion for rehearing should be denied.

/ / /

/ / /

---

[27] *In re Peter Szanto*, 3:16-bk-33185, Doc. 318, p. 30.

[28] Doc. 26-1, APP p. 229 ("Susan Denise Bier and Peter Szanto, herewith acknowledge that JAKKOB SZANTO, born November 20, 1996, is their natural child."); p. 230 ("all accumulation, salary or other benefit, which may accrue during their marriage, which would otherwise be community property, shall retain the character of separate property. Neither party will attempt to create community property in this marriage. Nor shall any property nominated community property be such.").

[29] Doc. 25, p. 4, 32; and *Amborn v. The Yankee Trust Corporation*, Case No. 3:18-cv-1841-SI (D. Or.), Doc. 37, p. 13, 18, 21, 42.

[30] Doc. 26-1, APP, p. 245 ("Debtor reasonably believes that Susan Szanto has separate property equitable and / or future interest property expectancies in the estates of her mother and brother.").

54568-78049 4895-3594-0118.1

C.      Conclusion

Mr. Szanto has asked this Court to vacate its dismissal of the appeal based on a California probate court minute order showing that he testified under oath before that court that he is Mrs. Szanto's sole heir. But that sworn testimony contradicts other sworn testimony, given by Mr. and Mrs. Szanto, before the bankruptcy court and this Court. It is also not credible. Mr. Szanto implies in his motion for rehearing that there are no known creditors of Mrs. Szanto's estate. But he was aware at the time he filed his motion that he had obtained a TRO from the probate court to stop the foreclosure sale of his home, by asserting that the home was an asset of the estate. He has made factual misrepresentations to either this Court, the probate court, or both. His motion should be denied.

DATED this 18th day of March, 2022.

JORDAN RAMIS PC


By: /s/ Robyn L. Stein
    Gary L. Blacklidge, OSB #902089
    gary.blacklidge@jordanramis.com
    Russell D. Garrett, OSB #882111
    russell.garrett@jordanramis.com
    Robyn L. Stein, OSB #993682
    robyn.stein@jordanramis.com
    Telephone: (503) 598-7070
    Facsimile: (503) 598-7373

    *Attorneys for Candace Amborn, Chapter 7 Trustee*

54568-78049 4895-3594-0118.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date shown below, I electronically filed the

foregoing  **RESPONSE TO MOTION FOR REHEARING** with the Clerk of the Court using

the CM/ECF system.

I also certify the document and a copy of the Notice of Electronic Filing was served via

U.S. Mail on the following non-CM/ECF participants:

> Susan Szanto
> 11 Shore Pine
> Newport Coast, CA 92657


/s/ Robyn L. Stein
Robyn L. Stein, OSB #993682
robyn.stein@jordanramis.com

54568-78049 4895-3594-0118.1